IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLTON EDWARD CASH,<br>Reg. No. 26447-104, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-0466-RAH-JTA |
| | ) | |
| R.D. KEYES, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Carlton Edward Cash, a federal inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Cash contends that the Federal Bureau of Prisons (BOP) is wrongfully denying him early release on account of a firearm enhancement applied at sentencing on a drug conviction even though he has completed the Residential Drug Abuse Treatment Program (RDAP). Respondent R.D. Keyes argues that Cash's § 2241 petition should be dismissed because Cash failed to exhaust his administrative remedies.

### **Background**

Cash is serving a 120-month federal sentence for possession with intent to distribute 5 grams or more of methamphetamine, a violation of 21 U.S.C. § 841 and 21 U.S.C. § 841(a)(1). At sentencing on March 15, 2021, Cash received an enhancement due to his possession of a firearm in connection with his drug offense.

The BOP accepted Cash into the RDAP. Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP has discretion to reduce by up to one year the sentence of an inmate convicted of a non-violent offense who successfully completes the RDAP.

To successfully complete the RDAP, an inmate must (1) complete a unit-based component of treatment, (2) "[i]f time allows between completion of the unit-based component . . . and transfer to a community-based program . . . participate in the follow-up services to the unit-based component . . . ," and (3) complete a community-based program. 28 C.F.R. § 550.53(a).

At some point, Cash learned that the BOP determined that the firearm enhancement associated with his current federal conviction precludes him from early release eligibility upon his successful completion of the RDAP. Cash's Petition challenges BOP's decision on that point.

## Discussion

Keyes argues that Cash's petition should be dismissed because Cash did not exhaust his administrative remedies prior to seeking habeas relief and because the Court lacks subject matter jurisdiction. The Court agrees. Because Cash failed to exhaust the administrative remedies available to him before filing his § 2241 petition and because the Court lacks subject matter jurisdiction, the petition will be dismissed without prejudice.

### A. Exhaustion

Proper exhaustion of administrative remedies is "a precondition to bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 465 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006)); *see also Bryant v. Rich*, 530 F.3d 1368, 1373–74 (11th Cir. 2008). To "properly" satisfy the administrative-exhaustion requirement, "the inmate must use 'all steps' that the prison makes available." *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020) (per curiam) (quoting *Woodford*, 548 U.S. at 90). This means "the inmate must comply with the prison's deadlines and other procedural rules, including the rules relating to the filing of appeals." *Id.* (citing *Woodford*, 548 U.S. at 90; *Bryant*, 530 F.3d at 1378). Determining the "boundaries of proper exhaustion" is done by examining "the

requirements of the applicable prison grievance system." *See McGuire-Mollica v. Fed. Bureau of Prisons*, 146 F.4th 1308, 1314 (11th Cir. 2025) (quoting *Sims v. Sec'y, Fla. Dep't of Corr.*, 75 F.4th 1224, 1230 (11th Cir. 2023)).

Federal prisoners, like Cash, are subject to BOP's administrative-remedy program, codified at 28 C.F.R. § 542.10, *et seq. See Blevins*, 819 F. App'x at 857. BOP's administrative-remedy program consists of a four-step process that the inmate must follow to properly exhaust his administrative remedies. *See Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021). First, the inmate must submit an institutional-level "informal resolution" request (typically using a BP-8 form). *See* 28 C.F.R. § 542.13(a). Second, the inmate must file a BP-9 form within twenty days following the alleged incident that serves as the basis for the request, unless the inmate demonstrates a valid reason for delay. *See* § 542.14(a). Third, if unsatisfied with the warden's response, an inmate may submit an appeal using a BP-10 form to the appropriate regional director within twenty days of the date the warden signed the response. *See* § 542.15(a). Fourth, an inmate who is unsatisfied with the regional director's response may submit an appeal to the general counsel using the appropriate BP-11 form within thirty days of the date the regional director signs the response. *See id.*

The regulations also provide response times at each level of the administrative-remedy process. *See* § 542.18. At the institutional level (BP-8 and BP-9), twenty calendar days from the date of filing are allotted to respond to an inmate's request. At the BP-10 level, the regional director has thirty calendar days to respond. At the BP-11 level, BOP's general counsel has forty calendar days to respond. *Id.*

Cash's claim concerns his receipt of early release credit for participating in the RDAP and BOP's refusal to apply it to him given the circumstances of his conviction and sentence. This type of claim must be exhausted. *See Thomas v.*

*United States*, Case No. 2025-cv-0363-FWO, 2005 WL 1138824, at *1 (M.D. Ala. May 11, 2005) (holding that exhaustion of administrative remedies was required where petitioner challenged possibility that the BOP would not award sentence reduction upon his completion of the RDAP), *report and recommendation adopted*, 2005 WL 1138824 (M.D. Ala. May 27, 2005); *Gaddis v. Taylor*, Case No. 1:15-cv-01155-VEH-TMP, 2018 WL 3800248, at *4 (N.D. Ala. July 9, 2018)(holding federal habeas petitioner who challenged denial of a § 3621(e)(2)(B) sentence reduction failed to exhaust his administrative remedies), *report and recommendation adopted*, 2018 WL 3772850 (N.D. Ala. Aug. 9, 2018).

Cash acknowledges that he did not exhaust his administrative remedies. Instead, he argues that he should be excused from exhaustion "due to futility." (Doc. 1 at 2.) He claims the administrative process will take at least four months, that it is archaic and time consuming, and that he would be eligible for release before completing the 4-month journey through the process.

At present, whether there is a futility exception to the "judge-made" exhaustion requirement applicable to § 2241 petitions remains "an unsettled question in the Eleventh Circuit." *Cros-Toure v. Neely*, Case No. 7:23-cv-1259-CLM-GMB, 2024 WL 2178618, at *2 (N.D. Ala. Mar. 4, 2024), *report and recommendation adopted*, 2024 WL 2163851 (N.D. Ala. May 14, 2024). For purposes of Cash's petition, the Court will assume that the futility exception exists in this Circuit.

Even so, Cash's belief that an attempt to exhaust his administrative remedies would be futile is insufficient to excuse his failure to exhaust before seeking habeas relief, especially since Cash still has several years to serve on his drug conviction. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (holding that an inmate's belief that administrative procedures are futile or needless does not excuse exhaustion in the context of the PLRA); *see also Martin v. Neely*, Case No. 7:-24-cv-267-AMM-GMB, 2024 WL 4521942, at *1 (N.D. Ala. Sept. 19,

4

2024) ("[Section 2241 petitioner's] belief that exhaustion would have been futile is entirely conclusory and thus is insufficient to excuse her failure to exhaust." (citation omitted)), *report and recommendation adopted*, 2024 WL 4520939 (N.D. Ala. Oct. 17, 2024). And that exception applies only with a showing of extraordinary circumstances, *see Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (per curiam), which Cash has not shown here through his conclusory statements.

In short, the issues raised in Cash's petition involve BOP-related matters. Cash has not sought a BOP administrative remedy during his incarceration, nor has he shown extraordinary circumstances that would allow him to bypass that process and go directly to court. Therefore, he has not exhausted his available administrative remedies regarding the issues raised in his petition, and the Court lacks subject matter jurisdiction to hear his petition.

**B. BOP Acted Within Its Discretion**

But even if he had exhausted his remedies or had he shown futility, Cash still would not be entitled to habeas relief because the BOP was well within its discretion to deny him early release based on his firearm enhancement.

BOP's management of the RDAP is governed by 18 U.S.C. § 3621. When an inmate successfully completes "a program of residential substance abuse treatment," including the RDAP, the inmate's sentence "*may* be reduced by the Bureau of Prisons" for up to one year. *See* 18 U.S.C. § 3621(e)(2) (emphasis added); *see also* 28 C.F.R. § 550.55(a). Pursuant to its authority under the statute, the BOP has passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP. *See* 28 C.F.R. § 550.55. These disqualifying offenses include any felony conviction that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.55(b)(5)(ii).

Cash argues that BOP's decision to deny him the early release benefit is not in accordance with federal law because his offense is non-violent. He cites the Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which he says unwinds the deference historically afforded the BOP as recognized by the Supreme Court over 25 years ago in *Lopez v. Davis*, 531 U.S. 230 (2001).

But Cash is wrong on that point. Prior to *Loper Bright*, courts were required to give "substantial deference" to administrative agencies' interpretations of statutes that Congress had entrusted those agencies to administer by regulation. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984). When a statute was ambiguous, the court's role was to examine whether the agency's implementation of the statute through regulation was reasonable. *Id*. at 843. In *Loper Bright*, the Supreme Court overturned *Chevron* such that, under the Administrative Procedure Act, courts may no longer defer to an agency's interpretation of the law simply because a statute is ambiguous. 603 U.S. at 391–94. Instead, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority . . . ." *Id*. at 412.

Here, the relevant statute, 18 U.S.C. § 3621, is not ambiguous—it gives the BOP "the authority, but not the duty," to reduce Cash's sentence following his completion of the RDAP. *Lopez*, 531 U.S. at 241. And the outcome remains the same even if the statute was ambiguous. *Loper Bright* does not call into question prior cases that relied on the *Chevron* framework. The holdings of those cases that specific agency actions are lawful are still subject to statutory *stare decisis* despite the Supreme Court's change in interpretive methodology. 603 U.S. at 412. *Lopez*, therefore, remains binding precedent, and the BOP retains discretion to categorically exclude from early release those inmates whose current convictions involved firearms.

Because *Lopez* controls this Court's analysis and compels the conclusion that BOP's categorical refusal to grant RDAP sentence reductions to inmates convicted of crimes involving firearms is valid and a proper exercise of its discretion, Cash's habeas corpus petition will be denied. *See* 18 U.S.C. § 3625 (providing that judicial review afforded by the Administrative Procedure Act does not apply to determinations made pursuant to §§ 3621–3626); *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) ("[T]he decision about whether to reduce [an inmate's] sentence [under § 3621(e)(2)(B)] remains solely within the discretion of the BOP[,] [a]nd that decision is not subject to judicial review." (internal citation omitted)); *Council v. Washington*, Case No. 2:25-cv-00312-WKW, 2025 WL 3461553, at *4 (M.D. Ala. Dec. 2, 2025) (same); *Reeb v. Thomas*, 636 F.3d at 1227–28 (9th Cir. 2011) (holding federal district courts lack jurisdiction to review BOP's individualized RDAP determinations made pursuant to § 3621, including whether to deny a sentence reduction under subsection (e)(2)(B)); *see also Harvey v. Warden/Superintendent of USP Canaan*, 2022 WL 2292006, at *5 (M.D. Pa. June 24, 2022) (listing cases).

Accordingly, for the reasons set forth above, Cash is entitled to no relief on his petition, and therefore it is ORDERED that the petition (doc. 1) is dismissed without prejudice. Because Cash has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. *See* 28 U.S.C. § 2253.

**DONE** and **ORDERED** on this the 5th day of June 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7